## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| **STEVIE C. JORDAN,** | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **CIVIL NO. 3:16-CV-3270-L-BK** |
| | § | |
| **SOCIAL SECURITY** | § | |
| **ADMINISTRATION, et al.,** | § | |
| **Defendants.** | § | |

## FINDINGS, CONCLUSIONS AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to the provisions of 28 U.S.C. § 636(b) and *Special Order 3*, this *pro se* action was referred to the United States magistrate judge. The Court granted Plaintiff's motion to proceed *in forma pauperis*, but did not issue process pending preliminary screening. Upon review of the relevant pleadings and law, and for the reasons that follow, the complaint should be summarily **DISMISSED**.

On November 22, 2016, Plaintiff filed a one-line *pro se* complaint against the Social Security Administration, SSI, HHSC, DHA, and HUD. The complaint asserts in its entirety: "Plaintiff, *Qui tam* negligence and breach of contract claims against all defendants will be dismissed without prejudice by separate judgment for lack of subject matter jurisdiction." Doc. 2. Assuming, *arguendo*, that Plaintiff has stated cognizable claims, they are duplicative of the claims he raised in *Jordan v. Social Security Administration, et al.*, No. 3:15-CV-1086-B-BH, Civ. Doc. 14 (N.D. Tex. Oct. 11, 2016), *recommendation accepted*, Civ. Doc. 15 (N.D. Tex. Nov. 9, 2016) (dismissing *qui tam* action under the False Claims Act for failure to state a claim, and negligence and breach of contract claims for lack of subject-matter jurisdiction).

Even under the most deferential review, Plaintiff reasserts claims that allege essentially the same facts, arise from substantially the same events, and involve the same defendants as the claims he unsuccessfully litigated in Case No. 3:15-CV-1086-B-BH.  *See Wilson v. Lynaugh*, 878 F.2d 846, 850 (5th Cir. 1989) (recognizing that an *in forma pauperis* ("IFP") action is duplicative when it "seek[s] to relitigate claims which allege substantially the same facts arising from a common series of events which have already been unsuccessfully litigated by the IFP plaintiff.").  Consequently, the complaint should be dismissed as frivolous and malicious.  *See Roberson v. Breen*, 444 Fed. Appx. 841, 842 (5th Cir. 2011) (*per curiam*) ("An action may be dismissed as malicious and frivolous if it duplicates claims raised by the same plaintiff in previous or pending litigation.") (citing *Pittman v. Moore*, 980 F.2d 994, 994-995 (5th Cir. 1993) (relating to pending litigation); and *Wilson*, 878 F.2d at 850) (addressing dismissed litigation)); *see also* 28 U.S.C. § 1915(e)(2)(b) (providing for *sua sponte* dismissal of an *in forma pauperis* complaint if it (1) is frivolous or malicious, (2) fails to state a claim upon which relief may be granted, or (3) seeks monetary relief against a defendant who is immune from such relief).

## RECOMMENDATION

For the foregoing reasons, it is recommended that this action be **DISMISSED WITH PREJUDICE** as frivolous.  *See* 28 U.S.C. § 1915(e)(2)(b).

SIGNED this December 6, 2016.

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n,* 79 F.3d 1415, 1417 (5th Cir. 1996).

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE